**COMMONWEALTH OF KENTUCKY**
**OLDHAM CIRCUIT COURT**
**DIVISION ___ – JUDGE ______________**
**CASE NO: 19-CI-____________**

**JOHN W. BYRNES, ATTORNEY**
**PLAINTIFF**

**vs.**

**NATIONWIDE MUTUAL INSURANCE COMPANY**
**An Ohio Insurance Company, qualified in Kentucky**

***SERVE:*** **Secretary of State**
**Commonwealth of Ky.**
**P.O. Box 718**
**Frankfort, KY 40602**

For further service to:
**Corporation Service Co., Registered Agent for Nationwide Mutual Insurance Company**
**421 W. Main St.**
**Frankfort, KY 40601**
**DEFENDANT**

**COMPLAINT WITH JURY DEMAND**

---

Comes now the Plaintiff, **JOHN W. BYRNES, ATTORNEY,** by and through counsel, and for his cause of action states as follows:

**PARTIES, JURISDICTION and VENUE**

1. JOHN W. BYRNES, ATTORNEY (hereinafter BYRNES), at all relevant times herein, was a resident of Oldham County, Kentucky, and practicing law throughout the Commonwealth of Kentucky.

2. NATIONWIDE is a domestic insurance company with its principal place of business in Columbus, Ohio, but has registered with and been approved to do business in Kentucky and has designated Corporation Service Co. as its agent for service of process.

469E7E3A-202E-45D6-810B-13D133C64A5C : 000001 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000001 of 000007

EXHIBIT
tabbies
1

Additionally, NATIONWIDE regularly solicits and accepts business in the Commonwealth of Kentucky and has gained substantial profits from such solicitation and acceptance, thereby benefiting from and being subject to Kentucky's regulatory insurance laws.

3. The underlying incident which forms the basis of this litigation occurred on December 11, 2015, resulting in NATIONWIDE claim number 456982GC.

4. Byrnes faxed notice of his attorney fee lien to NATIONWIDE on December 16, 2015 (Exhibit 1).

5. Jurisdiction and venue are proper as the events giving rise to this cause of action occurred in Jefferson County, Kentucky.

6. The amount in controversy exceeds the minimum jurisdiction of the Oldham Circuit Court and the statute of limitations for insurance bad faith (COUNT II herein) is five (5) years and the statute of limitations for statutory negligence per se (COUNT I herein) is one year from the date of legal injury which in this case is the date of the denial letter from Nationwide (Exhibit 2).

7. Byrnes represented NATIONWIDE insureds Guillermo Lopez and Maria Berrios related to an automobile accident which occurred on December 11, 2015.

8. Lopez and Berrios are secured persons for purposes of Ky. Rev. Stat. §304.39-060, *et seq.*

9. The matter was resolved and the liability insurance carrier, Liberty Mutual, as part of the settlement of the matter reimbursed NATIONWIDE for up to $10,000 each (a total of up to $20,000) for basic reparation obligations paid by NATIONWIDE to Lopez and Berrios.

10. Ky. Rev. Stat. §304.394-070(5) provides for a statutory fee to be paid to Byrnes as the attorney representing a secured person or persons in the event that the reparation benefits

469E7E3A-202E-45D6-810B-13D133C64A5C : 000002 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000002 of 000007

paid to said secured person(s) are reimbursed by any insurance carrier on behalf of a tortfeasor who is a defendant in a lawsuit or a potential defendant and the matter was settled prior to filing of a lawsuit.

11. Said conditions of paragraph 10 above have been met by Byrnes in this matter and fulfillment thereof is further evidenced by the benefits conferred upon Nationwide pursuant to the Affidavit of Byrnes tendered herewith as Exhibit 4.

12. Byrnes made a demand for a reasonable attorney fee of 1/3 of the reparation benefits reimbursed to NATIONWIDE or a fee of $10,000.

13. By letter (Exhibit 2) NATIONWIDE refused to comply with the statutory fee requirement by reference to its letter (Exhibit 1) of April 13, 2016, wherein it proactively attempts to avoid its statutory obligation.

14. NATIONWIDE may not proactively or otherwise avoid its statutory obligation.

15. NATIONWIDE's denial of Byrnes' statutory attorney fee is illegal per se and outrageous constitutes grounds for punitive damages.

**COUNT I**

**STATUTORY NEGLIGENCE PER SE AGAINST NATIONWIDE**

16. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations as if fully set forth herein.

17. NATIONWIDE'S actions constitute violations of various sections and subsections of the Kentucky Revised Statutes; including, but not limited to KRS 304.12-230 and KRS 304.39-070(5) and constitute negligence per se pursuant to KRS 446.070 and Kentucky case law, specifically, but not limited to, *Baker v. Motorists Ins. Companies*, 695 S.W.2d 415 (Ky. 1985) (Exhibit 3).

469E7E3A-202E-45D6-810B-13D133C64A5C : 000003 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000003 of 000007

18 JOHN W. BYRNES, ATTORNEY, as required by *Baker*, conferred benefits upon NATIONWIDE as set forth in the Affidavit attached hereto as Exhibit 4.

19. That the injuries sustained by JOHN W. BYRNES, ATTORNEY are of the type which these statutes seek to prevent and that such injuries were proximately caused by NATIONWIDE'S violation of these statutes.

20. That as a direct and proximate result of NATIONWIDE MUTUAL INSURANCE COMPANY'S violations of Kentucky law, JOHN W. BYRNES, ATTORNEY sustained itemized injuries and damages in the amount of $6,666.00 plus compensatory damages in an amount not to exceed $74,999.00 for the mental and physical anguish and pain and suffering associated with enforcement of a legal statutory right.

## COUNT II

### STATUTORY BAD FAITH AGAINST NATIONWIDE KENTUCKY UNFAIR CLAIMS SETTLEMENT PRACTICE ACT KRS 304.12-230 & 304.12-235

21. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II and III, as if fully set forth herein.

22. That NATIONWIDE has violated the following provisions of the Kentucky Unfair Claims Settlement Practice Act (KUSCPA), KRS 304.12-230 *et seq.,* specifically subsections:

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and

469E7E3A-202E-45D6-810B-13D133C64A5C : 000004 of 000016
Presiding Judge: HON. KAREN A. CONRAD (612186)
COM : 000004 of 000007

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement

and

KRS 304.39-070:

(5) An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparations obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit..

23. That the losses and damages sustained by JOHN W. BYRNES, ATTORNEY as set forth above are of the type that the KUSCPA and KRS 304.39-070 were designed prevent and were proximately caused by NATIONWIDE'S violations of the KUSCPA and KRS 304.39-070.

24. That a single violation of any provision of the KUCSPA constitutes negligence per se and gives rise to a tort claim for extra-contractual compensatory and punitive damages as well as attorney fees pursuant to KRS 446.070 and 304.12-230 *et seq.*

**COUNT III**
**PUNITIVE DAMAGES AGAINST NATIONWIDE**

25. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II, and III as if fully set forth herein.

469E7E3A-202E-45D6-810B-13D133C64A5C : 000005 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000005 of 000007

26. That NATIONWIDE has acted outrageously and with oppression, fraud, and malice with respect its acts recounted in COUNTS I and II, above.

27. That NATIONWIDE knew or should have known from information contained in its own files that JOHN W. BYRNES, ATTORNEY, through the many actions recounted in his Affidavit (Exhibit 4), conferred a benefit upon NATIONWIDE.

28. That NATIONWIDE outrageously, intentionally and knowingly lied when it wrote the words "…the actions of [BYRNES] did not confer a benefit on Nationwide…" in the denial letter it sent to undersigned counsel (Exhibit 2).

29. That NATIONWIDE is liable for punitive damages to JOHN W. BYRNES, ATTORNEY pursuant to KRS 367.220(1) and KRS 411.184 as well as Kentucky common law in an amount not to exceed $74,999.00.

**WHEREFORE**, the Plaintiff JOHN W. BYRNES, ATTORNEY demands as follows:

A) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for compensatory damages of not more than $74,999.00 and itemized damages of $6,667.00;

B) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for punitive damages in an amount not to exceed $74,999.00;

C) Pre and post judgment interest;

D) Court costs;

E) For summons to issue as directed in the caption by certified mail; and

F) Any and all other relief to which the Plaintiff JOHN W. BYRNES, ATTORNEY may be entitled;

G) In no event shall JOHN W. BYRNES, ATTORNEY, accept a total award in excess of $74,999.00 nor is he seeking a total amount in excess of $74,999.00.

469E7E3A-202E-45D6-810B-13D133C64A5C : 000006 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000006 of 000007

Respectfully submitted,

*[signature]*

PIRATA PSC d/b/a/ Jeffrey A. Sexton, Attorney
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784
*Counsel for Plaintiff John W. Byrnes, Attorney*

469E7E3A-202E-45D6-810B-13D133C64A5C : 000007 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000007 of 000007

# John W. Byrnes

**Attorney at Law**
**4410 S. 3rd Street**
**Louisville, Kentucky 40214**
**Office: (502) 364-2500**
**Fax: (502) 384-9077**

FACSIMILE TRANSMITTAL

TO: Linda Sergeant, Nationwide Insurance Co.

FROM: John Byrnes

RE : Mario Barrios , Guillermo Lopez

**Claim No: 456982GC**

DATE: December 16, 2015

FAX#: 1866-395-3642

PAGES: 1, including this page

I have been retained to represent the above referenced persons who were injured in an automobile collision on 12/11/15. Please pay all medical providers and lost wages. Please send us a PIP ledger every 6 weeks. If you need any additional information please give me a call. Please take notice of our attorney fees pursuant to KRS 304.39.070(5), 304.39-220, and 376.460.

Thank you,

John Byrnes

CONFIDENTIAL NOTE: The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone (collect, if long distance), and return the original message to us at the address above via the United States Postal Service. We will gladly reimburse you for anv reasonable costs incurred in complying with this request. Thank you

469E7E3A-202E-45D6-810B-13D133C64A5C : 000003 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000001 of 000001



WMR
WALTERS RICHARDSON, PLLC

PLANNING TO RESOLVE.
PREPARING TO WIN.

JOHN W. WALTERS
LEXINGTON OFFICE

LOUISVILLE OFFICE

NORTHERN KENTUCKY OFFICE

TENNESSEE OFFICE

May 8, 2019

**Sent Via Email:** *jsexton@jeffsexton.com*
*blackbeard@pirata-psc.com*

Jeffrey A. Sexton, Attorney
Pirata, PSC
325 West Main Street, Suite 150
Louisville, KY 40202

RE: **Claim #456982–GC**

Dear Jeff:

This correspondence is sent in response to your February 16, 2019, letter regarding Claim Number 456982–GC, pertaining to John Byrnes' representation of Guillermo Lopez and Maria Berrios. In that letter directed to my client, Nationwide Insurance, you have demanded payment to your client, John Byrnes, for attorney's fees you allege he earned as a result of his work on that claim.

Please accept this correspondence as Nationwide's denial of the claim you have made on behalf of your client, John Byrnes, with regard to Claim Number 456982-GC. Based upon our review of that file, the actions of your client did not confer a benefit on Nationwide, as required by *Baker v Motorists Insurance Co.*, sufficient for the recovery of attorney's fees pursuant to KRS 304.39-070(5).

If there is anything further that you would like to discuss with me personally regarding this denial, please feel free to contact me at any time. Furthermore, if you have additional information beyond what has been presented in your letter which you believe further supports your claim for attorney's fees, please provide that to me at your earliest convenience, and we will further consider your claim.

Sincerely,

John W. Walters

JWW/jl

2112.0061740 NRPinth Golden and Walters LAWSON 1036221 1.docx

EXHIBIT TWO (2)

469E7E3A-202E-45D6-810B-13D133C64A5C : 000009 of 000016
Presiding Judge: HON. KAREN A. CONRAD (612186)
EXH : 000001 of 000001

Supreme Court of Kentucky

# Baker v. Motorists Ins. Companies

## 695 S.W.2d 415 (Ky. 1985)

Decided September 5th, 1985

LEIBSON, Justice.

Appellant, Nicholas Baker, is an attorney who asserts that he is entitled to a statutory fee from Motorist Insurance Companies ("Motorist") under KRS 304.39470(5), a part of the Motor Vehicle Reparations Act (MVRA). It provides:

> "An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Vickie Vaughn-Smith, Baker's client, was struck by a motor vehicle owned and operated by one Timothy Comstock, who was insured by Fireman's Fund Insurance Companies ("Fireman's Fund"). Baker's client carried motor vehicle insurance with Motorist that included basic reparations benefits. Motorist paid the client reparations benefits for medical expenses and lost wages while Baker was pursuing her personal injury claim against Comstock and his liability insurer, Fireman's Fund. Baker settled Ms. Vaughn-Smith's claim with Fireman's Fund before suit for $10,500. In addition Fireman's Fund issued a separate draft for $6,278.26, reimbursement for the medical expenses and lost wages paid by Motorist to the client as no-fault benefits, making the draft payable to both Baker and Motorist. Motorist claims that it is entitled to the full amount of this reimbursement, with no fee to Baker.

Baker filed the present suit against Motorist demanding a fee from the proceeds. The trial court conducted an evidentiary hearing, and decided that Baker was not entitled to a fee. It ordered Baker to endorse the draft in the amount of $6,278.26 over to Motorist Mutual, and dismissed Baker's case.

Baker's claim for his client against the tortfeasor's liability insurance carrier, Fireman's Fund, did not include reparations benefits. When he settled his client's claim with the tortfeasor's liability insurance carrier, Fireman's Fund, he did not claim to represent Motorist for its subrogation rights. In the circumstances, the only conceivable benefit to Motorist from appellant's representation of its insured would have been to establish disputed liability. But the record shows that liability was never in question. Motorist had notified Fireman's Fund directly of its subrogation for reparations benefits and payment was simply on hold awaiting disposition of the client's personal injury claim.

The question is whether the mandatory language of KRS 304.39-070(5) stating that the "attorney . . . shall be entitled to a reasonable attorneys' fee in the event that reparations benefits . . . are reimbursed by any insurance carrier on behalf of a tortfeasor," means that Motorist is required to pay Baker an attorney's fee. The trial court held that Baker "may be entitled to a reasonable attorney's fee, but reasonable may be zero." The Court of Appeals affirmed. We have accepted

469E7E3A-202E-45D6-810B-13D133C64A5C : 000010 of 000016
Presiding Judge: HON. KAREN A. CONRAD (612186)
EXH : 000001 of 000003

Filed 19-CI-00330 05/15/2019 Stephen Kaelin, Oldham Circuit Clerk

Baker v. Motorists Ins. Companies, 695 S.W.2d 415 (Ky. 1985)

discretionary review to consider whether the statute mandates an attorney's fee in these circumstances. We conclude that it does not.

The appellant was unable to name anything he did that was of benefit or assistance to Motorist in collecting reimbursement for reparations benefits paid to his client. The statute in question, "Subsection Five (5) of KRS 304.39-070," is styled, "*'Secured person' — Obligor's rights to recovery.*"

The five subsections must be read as a whole. Subsection Three (3) provides that a reparation obligor, such as Motorist, having paid basic reparation benefits, may pursue reimbursement for such payment either by joining in an action that may be commenced by the person suffering the injury or by demanding reimbursement directly from the tortfeasor's liability insurance carrier followed by arbitration under KRS 304.39-290 if such reimbursement is not made.

The fact that these alternative remedies are established suggests that although the attorneys' fee language of Subsection Five (5) is mandatory, whether it applies depends on the circumstances.

Subsection Five (5) does not specify how the fee is to be computed. Instead it specifies a "reasonable attorney's fee." A reasonable interpretation of the word "reasonable," in context, is that it directs payment according to the circumstances of the case, rather than without regard to the circumstances of the case.

This is a statutory attorney's fee. It is *not* dependent upon the reparation obligor employing the insured's attorney to represent its subrogation interest. *Morris and McGlincy v. Nationwide Mutual Ins. Co.*, Ky.App., 657 S.W.2d 248 (1983); *Meridian Mutual Ins. Co. v. Walker*, Ky.App., 602 S.W.2d 181 (1980). It is *not* dependent upon the reparation obligor joining in the personal injury action filed by the attorney filed on behalf of the reparation obligor's insured. Subsection Five (5) also applies "in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Indeed, if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided. *Meridian Mutual Ins. Co. v. Walker, supra* at 182. Such a benefit results from establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred. In a disputed case a reparation obligor which does not pursue arbitration cannot avoid a fee to the injured person's attorney by claiming it intended to later go to arbitration when the proof shows that liability was established by the attorney's efforts. It cannot notify the tortfeasor's insurance carrier of its subrogation and thereafter remain passive, leaving reimbursement subject to the outcome of the client's personal injury claim.

It is not necessary that the reparations obligor employ the services of the injured party's attorney, either directly or impliedly, for the statutory fee to apply. If the attorney confers a benefit on the reparations obligor the reparations obligor cannot avoid the statutory fee by contingency agreement with the tortfeasor's carrier to abide by the results in the injured party's case, or otherwise. Nor is the statutory fee dependent upon proof that the attorney intended by his services to confer a benefit on the reparations obligor in addition to his client, if the proof shows that the result of his services did in fact confer such a benefit.

But none of these scenarios applies here. Here a trial court found that the attorney's representation conferred no benefit on the reparation obligor, either directly or indirectly. Such finding was supported by substantial evidence. Indeed there was no testimony to contradict it. We agree with the trial court that in such circumstances where no benefit is conferred, a reasonable fee is no fee. In *MFA Insurance Co. v. Carroll*,

casetext casetext.com/case/baker-v-motorists-ins... 2 of 3

Filed 19-CI-00330 05/15/2019 Stephen Kaelin, Oldham Circuit Clerk

469E7E3A-202E-45D6-810B-13D133C64A5C : 000011 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000002 of 000003

Ky.App., 687 S.W.2d 553 (1985), the Court of Appeals reached a similar result on similar facts.

The appellee has made a constitutional "due process" and "equal protection" argument, claiming that the statute is unconstitutional if it mandates payment to an attorney whom the reparation obligor has not employed. We disagree. "[A]n insurer who elects to do business in the state also impliedly concents to be bound by the statutes regulating the industry." *Fireman's Fund Ins. Co. v. Bennett*, Ky.App., 635 S.W.2d 482, 485 (1981), *affirmed as Fireman's Fund Ins. Co. v. Government Employees Ins. Co.*, Ky., 635 S.W.2d 475 (1982).

The statute intends no windfall for either side. In the particular circumstances of this case where liability was conceded, where the reparations obligor had notified the tortfeasor's insurer of its subrogation, where its right to payment was not in dispute, and where there is no proof that the attorney's work conferred any benefit on the reparations obligor, directly or indirectly, we agree with the trial court that a reasonable fee is no fee.

The judgment of the trial court and the decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion.

STEPHENSON, J., joins in his dissent.

---

VANCE, Justice, dissenting.

In this case, the appellee, Motorists Insurance Companies, raised the issue that K.R.S. 304.39-070(5) is unconstitutional because it deprives the Insurance Carrier of its property without due process of law and denies equal protection of law because it requires a carrier to pay a fee to an attorney it did not employ.

It was entirely unnecessary to decide the constitutional question because we upheld the decision of the trial court that a reasonable fee in this case was no fee at all. Our opinion should end at that point, under the well-established principle that we do not decide constitutional issues if the case can be resolved on some other basis. But the opinion goes on to state that the court disagrees with the contention that the statute is unconstitutional. The opinion gives no reason for this holding except a statement that "an insurer who elects to do business in the state also impliedly consents to be bound by the statutes regulating the industry."

I do not believe that one choosing to do business in this state impliedly agrees to be bound by regulatory statutes, even if they are unconstitutional.

If we are going to uphold the constitutionality of the statute, we should do so for a better reason in a case where the constitutionality of the statute is directly in issue, and a decision of the case on another ground does not render a decision on the constitutionality of the statute unnecessary.

STEPHENSON, J., joins in this dissent.

---

469E7E3A-202E-45D6-810B-13D133C64A5C : 000012 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000003 of 000003

NO. OLDHAM CIRCUIT COURT

JOHN BYRNES PLAINTIFF

v.

**AFFIDAVIT**

NATIONWIDE INSURANCE COMPANY DEFENDANT

Comes the Affiant, Attorney John Byrnes, and states as follows:

1. I was retained by Mr. Guillermo Lopez and Maria Barrios on or about December 15, 2015.
2. On or about December 16, 2015 I notified Nationwide of my representation of Mr. Lopez and Ms. Barrios and advised of the statutory attorney fee that is being asserted.
3. My office assisted the clients in obtaining and filling out the PIP applications.
4. My office translated the pip applications and translated the answers from the clients in order to return the form to Nationwide Insurance Company.
5. My office returned the PIP applications to Nationwide Insurance Company on or about January 21, 2016.
6. On or about February 17, 2016 Nationwide indicated that they were putting the claim under investigation and requested that I make the clients available at their attorney's office for examinations under oath
7. On or about March 4, 2016 we scheduled examinations under oath with my clients at the Nationwide attorney office for March 29, 2016.

EXHIBIT FOUR (4)

469E7E3A-202E-45D6-810B-13D133C64A5C : 000013 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000001 of 000002

8. On or about March 29, 2016 I presented my clients to Nationwide Insurance Company's lawyer for examinations under oath. The examinations were held at Nationwide lawyer's office and took several hours.

9. I directed the PIP benefits to be paid as the clients requested.

10. On or about February 25, 2016 I submitted all the medical records and bills that were sustained in the collision to Liberty Mutual Insurance Company.

11. I gave to State Farm the liability coverage information.

12. My office obtained all the medical records and bills and forwarded them to Liberty Mutual Insurance Company in order to assert the claim.

13. I was in communication about the liability and damages sustained with Liberty Mutual Insurance and Nationwide Insurance Company.

14. On or about November 15, 2016 the claims for Mr. Guillermo Lopez and Ms. Maria Barrios were resolved in their favor and the PIP reimbursement was given to Nationwide Insurance company subject to the attorney lien which was asserted December 16, 2015.

15. Further, the affiant say not.

Affiant, John Byrnes

Greter Sierra
My Commission Expires
Oct 27, 2020

469E7E3A-202E-45D6-810B-13D133C64A5C : 000014 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000002 of 000002



**Commonwealth of Kentucky**
**Stephen Kaelin, Oldham Circuit Clerk**

**Case #: 19-CI-00330** **Envelope #: 1645172**

**Received From: JEFFREY ALLAN SEXTON** **Account Of: JEFFREY ALLAN SEXTON**

**Case Title: BYRNES, ATTORNEY , JOHN W VS. NATIONWIDE MUTUAL INS CO** **Confirmation Number: 91315932**

**Filed On 5/15/2019 1:07:11PM**

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $13.00 |
| 9 | Money Collected For Others(Secretary of State) | $10.00 |
| 10 | Charges For Services(Copy - Photocopy) | $3.20 |
| 11 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $317.70 |

469E7E3A-202E-45D6-810B-13D133C64A5C : 000015 of 000016

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **19-CI-00330**
Court: **CIRCUIT**
County: **OLDHAM**

469E7E3A-202E-45D6-810B-13D133C64A5C : 000016 of 000016

Presiding Judge: HON. KAREN A. CONRAD (612186)

CI : 000001 of 000001

*Plantiff,* **BYRNES, ATTORNEY , JOHN W VS. NATIONWIDE MUTUAL INS CO,** *Defendant*

TO: **NATIONWIDE MUTUAL INS CO**
**CORPORATION SERVICE CO**
**421 W.MAIN STREET**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stephen Kaelin, Oldham
Circuit Clerk
Date: **5/15/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000567655
CIRCUIT: 19-CI-00330 Long Arm Statute – Secretary of State
BYRNES, ATTORNEY , JOHN W VS. NATIONWIDE MUTUAL INS CO

**COMMONWEALTH OF KENTUCKY**
**OLDHAM CIRCUIT COURT**
**JUDGE KAREN CONRAD**
**CASE NO: 19-CI-00330**

**JOHN W. BYRNES, ATTORNEY**
**PLAINTIFF**

**vs.**

**NATIONWIDE MUTUAL INSURANCE COMPANY**
**An Ohio Insurance Company, qualified in Kentucky**

***SERVE:*** **Secretary of State**
**Commonwealth of Ky.**
**P.O. Box 718**
**Frankfort, KY 40602**

For further service to:
**Corporation Service Co., Registered Agent for Nationwide Mutual Insurance Company**
**421 W. Main St.**
**Frankfort, KY 40601**
**DEFENDANT**

**FIRST AMENDED COMPLAINT WITH JURY DEMAND**

---

Comes now the Plaintiff, **JOHN W. BYRNES, ATTORNEY,** by and through counsel, and for his cause of action states as follows:

**PARTIES, JURISDICTION and VENUE**

1. JOHN W. BYRNES, ATTORNEY (hereinafter BYRNES), at all relevant times herein, was a resident of Oldham County, Kentucky, and practicing law throughout the Commonwealth of Kentucky.

2. NATIONWIDE is a domestic insurance company with its principal place of business in Columbus, Ohio, but has registered with and been approved to do business in Kentucky and has designated Corporation Service Co. as its agent for service of process.

Additionally, NATIONWIDE regularly solicits and accepts business in the Commonwealth of Kentucky and has gained substantial profits from such solicitation and acceptance, thereby benefiting from and being subject to Kentucky's regulatory insurance laws.

3. The underlying incident which forms the basis of this litigation occurred on December 11, 2015, resulting in NATIONWIDE claim number 456982GC.

4. Byrnes faxed notice of his attorney fee lien to NATIONWIDE on December 16, 2015 (Exhibit 1).

5. Jurisdiction and venue are proper as Byrnes is a resident of Oldham County, Kentucky, and, as such, pursuant to Ky. Rev. Stat. §452.450, Oldham County is the county in which the tort was committed.

6. The amount in controversy exceeds the minimum jurisdiction of the Oldham Circuit Court and the statute of limitations for insurance bad faith (COUNT II herein) is five (5) years and the statute of limitations for statutory negligence per se (COUNT I herein) is one year from the date of legal injury which in this case is the date of the denial letter from Nationwide (Exhibit 2).

7. Byrnes represented NATIONWIDE insureds Guillermo Lopez and Maria Berrios related to an automobile accident which occurred on December 11, 2015.

8. Lopez and Berrios are secured persons for purposes of Ky. Rev. Stat. §304.39-060, *et seq.*

9. The matter was resolved and the liability insurance carrier, Liberty Mutual, as part of the settlement of the matter reimbursed NATIONWIDE for up to $10,000 each (a total of up to $20,000) for basic reparation obligations paid by NATIONWIDE to Lopez and Berrios.

AMC : 000002 of 000007

10. Ky. Rev. Stat. §304.394-070(5) provides for a statutory fee to be paid to Byrnes as the attorney representing a secured person or persons in the event that the reparation benefits paid to said secured person(s) are reimbursed by any insurance carrier on behalf of a tortfeasor who is a defendant in a lawsuit or a potential defendant and the matter was settled prior to filing of a lawsuit.

11. Said conditions of paragraph 10 above have been met by Byrnes in this matter and fulfillment thereof is further evidenced by the benefits conferred upon Nationwide pursuant to the Affidavit of Byrnes tendered herewith as Exhibit 4.

12. Byrnes made a demand for a reasonable attorney fee of 1/3 of the reparation benefits reimbursed to NATIONWIDE or a fee of $6,666.67.

13. By letter (Exhibit 2) NATIONWIDE refused to comply with the statutory fee requirement by reference to its letter (Exhibit 1) of April 13, 2016, wherein it proactively attempts to avoid its statutory obligation.

14. NATIONWIDE may not proactively or otherwise avoid its statutory obligation.

15. NATIONWIDE's denial of Byrnes' statutory attorney fee is illegal per se and outrageous constitutes grounds for punitive damages.

**COUNT I**

**<u>STATUTORY NEGLIGENCE PER SE AGAINST NATIONWIDE</u>**

16. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations as if fully set forth herein.

17. NATIONWIDE'S actions constitute violations of various sections and subsections of the Kentucky Revised Statutes; including, but not limited to KRS 304.12-230 and KRS 304.39-070(5) and constitute negligence per se pursuant to KRS 446.070 and Kentucky

AMC : 000003 of 000007

case law, specifically, but not limited to, *Baker v. Motorists Ins. Companies*, 695 S.W.2d 415 (Ky. 1985) (Exhibit 3).

18 JOHN W. BYRNES, ATTORNEY, as required by *Baker*, conferred benefits upon NATIONWIDE as set forth in the Affidavit attached hereto as Exhibit 4.

19. That the injuries sustained by JOHN W. BYRNES, ATTORNEY are of the type which these statutes seek to prevent and that such injuries were proximately caused by NATIONWIDE'S violation of these statutes.

20. That as a direct and proximate result of NATIONWIDE MUTUAL INSURANCE COMPANY'S violations of Kentucky law, JOHN W. BYRNES, ATTORNEY sustained itemized injuries and damages in the amount of $6,666.67 plus compensatory damages in an amount not to exceed in total combination $74,999.00 for the mental and physical anguish and pain and suffering associated with enforcement of a legal statutory right.

**COUNT II**

**STATUTORY BAD FAITH AGAINST NATIONWIDE**
**KENTUCKY UNFAIR CLAIMS SETTLEMENT PRACTICE ACT**
**KRS 304.12-230 & 304.12-235**

21. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II and III, as if fully set forth herein.

22. That NATIONWIDE has violated the following provisions of the Kentucky Unfair Claims Settlement Practice Act (KUSCPA), KRS 304.12-230 *et seq.,* specifically subsections:

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(7) Compelling insureds to institute litigation to recover amounts due

AMC : 000004 of 000007

under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement

and

KRS 304.39-070:

(5) An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparations obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit..

23. That the losses and damages sustained by JOHN W. BYRNES, ATTORNEY as set forth above are of the type that the KUSCPA and KRS 304.39-070 were designed prevent and were proximately caused by NATIONWIDE'S violations of the KUSCPA and KRS 304.39-070.

24. That a single violation of any provision of the KUCSPA constitutes negligence per se and gives rise to a tort claim for extra-contractual compensatory and punitive damages as well as attorney fees pursuant to KRS 446.070 and 304.12-230 *et seq.*

**COUNT III**
**PUNITIVE DAMAGES AGAINST NATIONWIDE**

AMC : 000005 of 000007

25. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II, and III as if fully set forth herein.

26. That NATIONWIDE has acted outrageously and with oppression, fraud, and malice with respect its acts recounted in COUNTS I and II, above.

27. That NATIONWIDE knew or should have known from information contained in its own files that JOHN W. BYRNES, ATTORNEY, through the many actions recounted in his Affidavit (Exhibit 4), conferred a benefit upon NATIONWIDE.

28. That NATIONWIDE outrageously, intentionally and knowingly lied when it wrote the words "…the actions of [BYRNES] did not confer a benefit on Nationwide…" in the denial letter it sent to undersigned counsel (Exhibit 2).

29. That NATIONWIDE is liable for punitive damages to JOHN W. BYRNES, ATTORNEY pursuant to KRS 367.220(1) and KRS 411.184 as well as Kentucky common law in an amount not to exceed $74,999.00.

**WHEREFORE**, the Plaintiff JOHN W. BYRNES, ATTORNEY demands as follows:

A) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for compensatory damages of not more than $74,999.00 and itemized damages of $6,666.67;

B) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for punitive damages in an amount not to exceed $74,999.00;

C) Pre and post judgment interest;

D) Court costs;

E) For summons to issue as directed in the caption by certified mail; and

F) Any and all other relief to which the Plaintiff JOHN W. BYRNES, ATTORNEY may be entitled;

AMC : 000006 of 000007

G) In no event shall JOHN W. BYRNES, ATTORNEY, accept a total award in excess of $74,999.00 nor is he seeking a total amount in excess of $74,999.00.

Respectfully submitted,

Jeffrey A. Sexton

PIRATA PSC d/b/a/ Jeffrey A. Sexton, Attorney
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784
*Counsel for Plaintiff John W. Byrnes, Attorney*

AMC : 000007 of 000007

COMMONWEALTH OF KENTUCKY
OLDHAM CIRCUIT COURT
JUDGE KAREN CONRAD
CIVIL ACTION NO. 19-CI-00330
***Electronically Filed***

JOHN W. BYRNES, ATTORNEY PLAINTIFF

VS. **NOTICE OF FILIING OF NOTICE OF REMOVAL**

NATIONWIDE MUTUAL
INSURANCE COMPANY DEFENDANT

*** *** *** ***

Please take notice that, pursuant to 28 U.S.C. § 1446(d), Defendant, Nationwide Mutual Insurance Company, has on this 10th day of June 2019 removed this action by filing a Notice of Removal in the United States District Court for the Western District of Kentucky, Louisville Division, together with a complete copy of all process, pleadings, and orders served upon this Defendant in the state court action as of the date of the filing of the removal. A complete, true, and correct copy of such Notice of Removal, without exhibits, is attached hereto as Exhibit A.

Respectfully submitted,

WMR DEFENSE

John W. Walters
Joshua J. Leckrone
920 Lily Creek Road, Suite 102
Louisville, Kentucky 40243
Telephone: (502) 785-9090
Facsimile: (502) 742-0326
COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on this the 10th day of June 2019 by mailing and/or emailing a true and accurate copy to the following:

PIRATA PSC d/b/a Jeffrey A. Sexton,
Attorney
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784
*Counsel for Plaintiff John W. Byrnes, Attorney*

COUNSEL FOR DEFENDANT